So Ordered.

Dated: July 7th, 2016

**Frederick P. Corbit**
**Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 15-01642-FPC7 |
| RICHARD ALLEN WILSON and BRENDA LEA WILSON, | |
| Debtors. | |
| RICHARD ALLEN WILSON and BRENDA LEA WILSON, | Adversary No. 16-80027-FPC |
| Plaintiffs, | **NOT FOR PUBLICATION** |
| v. | |
| LAKE STREET INDUSTRIES LLC ET AL., | MEMORANDUM DECISION |
| Defendants. | |

THIS MATTER came before the court for a scheduling conference and a hearing on presentment of orders on plaintiffs' motion for default (ECF Nos. 6 and

MEMORANDUM DECISION ~ Page 1

13). At the hearing, pro se plaintiff Mr. Richard Wilson appeared and testified. Mr. Timothy Nault appeared on behalf of defendants Richard Leland and Eric Roth. Defendant Lake Street Industries LLC ("Lake Street") was not represented by counsel although, Alex Arnold and Matthew Oehlert, representatives for Lake Street attended the hearing. At the conclusion of the hearing, the court noted its concern as to the viability of the Wilson claim. The court indicated that based on the testimony of Mr. Wilson and the record presented, as a matter of law, there was no automatic stay in place at the time of the alleged violations. At the conclusion of the hearing, the court stated that it would take the matter under advisement and would allow the Wilsons fourteen (14) days (the amount of time requested by Mr. Wilson) to supplement the record and plead a plausible set of facts demonstrating entitlement to the relief requested. After reviewing the documents and evidence presented, the testimony of Mr. Wilson, and the supplemental documents filed by the plaintiffs, this matter is ready for decision.

This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2) to determine whether the automatic stay provisions of 11 U.S.C. § 362 have been violated. This memorandum decision includes the court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052 (applying FED. R. CIV. P. 52 in adversary

proceedings). For the reasons set forth below, an order shall be entered dismissing this adversary proceeding with prejudice.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Wilsons are or were debtors in the following bankruptcy cases filed in the Eastern District of Washington:

1. Chapter 7, Case Number 85-01824-JMK7, filed on 08/02/1985. Discharge received on 11/22/1986.

2. Chapter 7, Case Number 05-07848-PCW7, filed on 09/27/2005. Discharge received on 12/29/2005.

3. Chapter 13, Case Number 12-05446-FPC13, filed on 12/31/2012. Case dismissed on 09/19/2013.

4. Chapter 13, Case Number 14-01460-FPC13, filed on 04/18/2014. Case dismissed on 01/15/2015.

5. Chapter 13, Case Number 15-01642-FPC13, filed on 04/30/2015. Pending motion by the chapter 13 trustee to dismiss (this current bankruptcy case) for non-payment filed on 5/5/16; hearing on the matter scheduled for 8/31/16.

As noted above, the Wilsons filed their current bankruptcy petition (case no. 15-01642-FPC13) with this court on April 30, 2015. The current bankruptcy petition filing was 104 days after the dismissal of their most recent previous filing (case no. 14-01460-FPC13). When the Wilsons filed their current bankruptcy petition, they did not file a motion with the court requesting an extension of the automatic stay. Indeed, the docket and Mr. Wilson's testimony confirm that no such request was

ever made. On March 28, 2016, the Wilsons filed this adversary case alleging defendants violated the automatic stay by pursuing and issuing a judgment against them in Spokane County Small Claims Court. The Wilsons seek damages for violation of the automatic stay, an order vacating the judgment against them issued by the Spokane County Small Claims Court, return of personal property, and sanctions against the defendants.

The Wilsons' amended complaint (ECF No. 10), although confusing and difficult to follow, alleges that Lake Street violated the automatic stay by securing a default judgment against them in Spokane County Small Claims Court on November 17, 2015, Case No. 1546547.[1] *See amended complaint ¶ L, part D.* Further, the Wilsons argue that the presiding judges, who are named in this action as defendants, are also guilty of violating the automatic stay by issuing the judgment.

## DISCUSSION

The filing of a bankruptcy petition gives rise to an "automatic stay." 11 U.S.C. § 362(a); s*ee also In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (explaining the

---

[1] The Wilsons' complaint alleges violations of the automatic stay for actions occurring in three different small claims actions (case nos. 1446442, 1546547, and 1546899). However, according to Mr. Wilson's testimony and the evidence presented, the only alleged act that occurred after the filing of their current bankruptcy petition on April 30, 2015, was the entry of default judgment in case no. 1546547. This was alleged to have occurred on November 17, 2015, more than 30 days after the filing of their bankruptcy petition and thus, after the stay had terminated. All other alleged acts occurred prior to the Wilsons' April 20, 2015, bankruptcy petition filing and therefore could not have violated the automatic stay.

automatic stay is self-executing, effective upon the filing of the bankruptcy petition). Thus, upon a debtor's first filing, the debtor has full advantage of the automatic stay. However, Congress, concerned about the problem of "serial filing," has attempted to "deter successive bankruptcy filings by imposing stricter limitations on the power of the automatic stay as subsequent bankruptcy cases are filed." *In re Reswick*, 446 B.R. 362, 372 (B.A.P. 9th Cir. 2011). Under BAPCPA, the automatic stay no longer applies uniformly to all debtors.[2] The revised § 362(c)(3)(A) limits the duration of the automatic stay for debtors who had a pending case dismissed within the 1-year preceding the most recent bankruptcy case.[3] Thus, in contrast to the first filing, if a debtor files a second case within a 1-year period of the previous case being dismissed, then the automatic stay goes into effect but automatically terminates on the 30th day after the petition date. *See In re Reswick*, 446 B.R. at 372; § 362(c)(3).

---

[2] In 2005, major amendments were made to the U.S. Bankruptcy Code entitled the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub.L. 109-8, 119 Stat 23, enacted April 20, 2005) ("BAPCPA").

[3] Specifically, § 362(c)(3)(A) states:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case

Nonetheless, § 362(c)(3)(B) allows a debtor the opportunity to extend the stay beyond the 30-day period prescribed by subparagraph (A) if four minimum requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the hearing is completed before the expiration of the 30-day stay; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B); *see also* Local Bankruptcy Rule 4001-1(b)(2) (requiring the motion to extend the stay be filed "no later than seven days following the filing of the petition for relief"). The extension request must demonstrate that the current case was filed in good faith because § 362(c)(3)(C) creates a presumption of a lack of good faith. However, if an extension is never requested, then the court need not rule on the issue of good faith.

In this case, the Wilsons' previous bankruptcy case was dismissed within one year of the Wilsons filing their current bankruptcy petition. Indeed, as the dates reflect, the current petition was filed only 104 days after their previous case was dismissed.[4] Additionally, Mr. Wilson admitted and the docket reflects, that there was no request made to extend the automatic stay in their current bankruptcy case

---

[4] Because the Wilsons' previous bankruptcy case was not dismissed for "abuse" under § 707(b), this exception to the operation of subsection (A) does not apply.

MEMORANDUM DECISION ~ Page 6

beyond the thirty-day period.[5] Therefore, the automatic stay terminated in its entirety on May 30, 2015, thirty days after the filing of the petition (April 30, 2015).[6]

The Wilsons' complaint does not allege any actions on the part of the defendants during the thirty (30) days the automatic stay was in effect. Thus, there are no acts that are alleged to have violated the stay. Because there was no automatic stay in place at the time the alleged acts occurred, there was no violation of the stay. Therefore, the Wilsons fail to state a claim upon which relief can be granted and this case is dismissed with prejudice.[7]

---

[5] The Wilsons' supplemental filing (ECF No. 29) argues at length that they were unaware of the 30-day limit. However, such an argument rests on an ineffective assistance of counsel claim, and that claim has not been raised and is not before the court. In the alternative, the Wilsons argue that the statute should not apply to them. This argument is not supported and has no merit. Indeed, the Supreme Court recently reiterated that equitable authority pursuant to § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) (internal quotation marks omitted).

[6] The language of the statute says the stay "shall terminate with respect to the debtor" (*see* § 362(c)(3)(A)), however, the Ninth Circuit Bankruptcy Appellate Panel has clarified that the provision terminates the stay in its entirety (i.e., also with respect to the bankruptcy estate). *See In re Reswick*, 446 B.R. at 369-72.

[7] A judge may dismiss complaints sua sponte when they fail to state a claim, but must give notice of their intention to invoke Rule 12(b)(6) and afford plaintiff an opportunity to submit a written memorandum in opposition of such motion. *See Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981). "[S]uch a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6) . . . where the claimant cannot possibly win relief."). In this case, the court gave notice to the Wilsons of its intent to dismiss the case for failure to state a claim and allowed the Wilsons additional time to respond and supplement their pleadings.

# CONCLUSION

Although the debtors argue that the statute limiting the automatic stay should not apply to them, they have provided the court with no statutory or case law to support their position. Debtors had an opportunity to extend the stay. The debtors did not. Given the evidence presented, the court finds that the automatic stay that arose on April 30, 2015 upon the filing of debtors' current bankruptcy petition expired thirty (30) days later on May 30, 2015. Further, the court finds that the Wilsons have not alleged any acts by the defendants that occurred during those 30 days that would have violated the automatic stay. Finally, the court finds the Wilsons' motion for entry of default against the defendants moot given the dismissal of this case.

///END OF MEMORANDUM DECISION///